## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT CLARK, Derivatively on Behalf of ANTARES PHARMA, INC., | |
| Plaintiff, | |
| vs. | |
| ROBERT F. APPLE, THOMAS J. GARRITY, JACQUES GONELLA, LEONARD S. JACOB, MARVIN SAMSON, ANTON G. GUETH and ROBERT P. ROCHE, JR., | Civil Action No. 18-cv-00703-MAS-DEA |
| Defendants, | |
| -and- | |
| ANTARES PHARMA, INC., | |
| Nominal Defendant. | |
| ALLAN MENZER, Derivatively on Behalf of ANTARES PHARMA, INC., | |
| Plaintiff, | |
| vs. | |
| ROBERT F. APPLE, THOMAS J. GARRITY, JACQUES GONELLA, LEONARD S. JACOB, MARVIN SAMSON, ANTON G. GUETH and ROBERT P. ROCHE, JR., | Civil Action No. 18-cv-03838-MAS-DEA |
| Defendants, | |
| -and- | |
| ANTARES PHARMA, INC., | |
| Nominal Defendant. | |

## AMENDED STIPULATION AND ORDER
## TO CONSOLIDATE AND STAY DERIVATIVE ACTIONS AND
## APPOINT CO-LEAD PLAINTIFFS AND CO-LEAD AND LIAISON COUNSEL

Plaintiffs Robert Clark ("Clark") and Allan Menzer ("Menzer") (collectively, Clark and

Menzer are referred to herein as "Plaintiffs"), derivatively and on behalf of Antares Pharma, Inc.

("Antares"), and defendants Robert F. Apple, Thomas J. Garrity, Jacques Gonella, Leonard S.

Jacob, Marvin Samson, Anton G. Gueth, and Robert P. Roche, Jr. ("Defendants") (collectively,

the "Parties") jointly submit this Stipulation to consolidate and stay the above-captioned actions ("Derivative Litigation"), and in support thereof state as follows:

WHEREAS, Plaintiffs filed the above-captioned Derivative Litigation against Defendants, derivatively on behalf of Antares, alleging claims for breach of fiduciary duties, gross mismanagement, and unjust enrichment that allegedly occurred and allegedly have caused substantial harm to Antares;

WHEREAS, pending in the United States District Court for the District of New Jersey (the "Federal Court") is a putative securities class actions captioned *Smith v. Antares Pharma, Inc., et al.*, Case No.: 3:17-cv-08945 (the "Securities Litigation");

WHEREAS, there is substantial overlap between the facts and circumstances alleged in the Derivative Litigation and the Securities Litigation, including the relevance of many of the same documents and witnesses;

WHEREAS, Antares and Robert F. Apple (the "Federal Securities Class Action Defendants") are named defendants in the Derivative Litigation, and are also named as defendants in the Securities Litigation;

WHEREAS, members of the putative class in the Securities Litigation have filed motions seeking appointment as lead plaintiff in the Securities Litigation and approval of class counsel;

WHEREAS, upon the selection of a lead plaintiff in the Securities Litigation, it is anticipated that the lead plaintiff will file a consolidated class action complaint alleging, *inter alia*, that the Federal Securities Class Action Defendants violated the Securities Exchange Act of 1934;

WHEREAS, upon the filing of the consolidated class action complaint in the Securities Litigation, the Federal Securities Class Action Defendants anticipate filing a motion to dismiss;

WHEREAS, pursuant to the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u–4(b)(3)(B), "all discovery and other proceedings shall be stayed during the pendency

- 2 -

of any motion to dismiss" and, as result, until the Federal Court decides the Federal Securities Class Action Defendants' anticipated motion to dismiss, all discovery in the Securities Litigation will be stayed;

WHEREAS, in order ensure economy of time and effort for the Court, for counsel, and for litigants, Plaintiffs and Defendants have agreed that, in light of the overlap between the Derivative Litigation and the Securities Litigation, and in light of the stay of discovery which the Parties anticipate will commence by operation of law following the filing of a motion to dismiss in the Securities Litigation, that the Derivative Litigation should be voluntarily stayed on the terms set forth below unless and until either: (1) the Securities Litigation is dismissed, with prejudice, by the Federal Court, and all appeals related thereto have been exhausted; or (2) the motion to dismiss the Securities Litigation is denied, and the PSLRA stay dissolves as a matter of law; or (3) either of the Parties to this Stipulation requests that the Court lift the stay upon giving a ten (10) day notice that they no longer consent to the voluntary stay of the Derivative Litigation.

**NOW THEREFORE, it is hereby stipulated by and between the undersigned that:**

1.     Counsel for Defendants shall accept service on behalf of Robert F. Apple, Thomas J. Garrity, Jacques Gonella, Leonard S. Jacob, Marvin Samson, Anton G. Gueth, and Robert P. Roche, Jr. in the above-captioned actions.

2.     The above-captioned actions are hereby consolidated for all purposes, including pretrial proceedings, trial, and appeal, pursuant to Rule 42 of the Federal Rules of Civil Procedure.

3.     The consolidated actions shall be collectively referred to as "*In re Antares Pharma, Inc. Derivative Litig.*" (the "Consolidated Action").

4.     A Master File is hereby established for the proceedings in the Consolidated Action. The docket number shall be Master File No.: 18-cv-00703. The original of this Order shall be filed by the Clerk in the Master File.

5.      A Master Docket is hereby established for proceedings of the derivative litigation herein and for any related derivative actions filed in or transferred to this Court and consolidated herewith for all purposes. Entries in the Master Docket shall be applicable to the Consolidated Action as more fully set forth below. The Clerk of the Court shall file all pleadings in any of the actions in the Master File and shall note such filing in the Master Docket. No further copies need be filed or docket entries made.

6.      The terms of this Order shall not have the effect of making any person, firm, or corporation a party to any action in which he, she, or it has not been named, served, or added as such in accordance with the Federal Rules of Civil Procedure.

7.      Gainey McKenna & Egleston and Federman & Sherwood shall serve as Co-Lead Counsel for Plaintiffs in the Derivative Litigation.

8.      The Parties agree that unless otherwise ordered by the Court, the terms of this Stipulation shall automatically apply to shareholder derivative actions later instituted in, or transferred to, this Court that involve similar or related claims, or that are otherwise deemed related to the Derivative Litigation.

9.      The Parties agree that when a shareholder derivative action that relates to the Derivative Litigation is hereinafter filed in this Court or transferred to this Court, Co-Lead Counsel for Plaintiffs shall serve and file an endorsed copy of this Order upon attorneys for plaintiff in the newly-filed or transferred action. The Parties agree that Co-Lead Counsel for Plaintiffs shall also advise the attorneys for any plaintiff in any such newly-filed or transferred shareholder derivative action that those attorneys must serve a copy of this Order on any new defendant(s) and file proof of service of this Order with the Court. All counsel shall assist the Clerk of the Court by calling to the attention of the Clerk the filing or transfer of any case that might properly be consolidated as part of the Consolidated Action.

10.     Unless otherwise ordered by the Court, the Parties agree that the terms of all orders, rulings, and decisions shall automatically apply to all later related shareholder derivative actions filed in or transferred to this Court.

11.     Plaintiffs' selection of Gainey McKenna & Egleston and Federman & Sherwood as Co-Lead Counsel, and Gainey McKenna & Egleston as Liaison Counsel, is approved.

12.     The appointment of Plaintiffs Clark and Menzer as Co-Lead Plaintiffs is hereby approved.

13.     Co-Lead Counsel is hereby vested by the Court with the following responsibilities and duties in connection with this Consolidated Action:

    a.   To direct and coordinate the briefing and arguing of motions;

    b.   To direct and coordinate the initiation and conduct of discovery proceedings, including, but not limited to, requests for production of documents and/or third party subpoenas;

    c.   To direct and coordinate the examination of witnesses in depositions and oral interrogatories;

    d.   To act as spokesperson at pretrial conferences;

    e.   To call meetings of counsel for plaintiffs as appropriate or necessary;

    f.   To direct the preparation for a trial of this matter and to delegate work responsibilities to selected counsel as may be required in such a manner as to lead to the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive efforts;

    g.   To direct and coordinate the conduct of pre-trial, trial, and post-trial proceedings;

    h.   To consult with and employ experts;

i.   To coordinate and collect monthly time and expense reports in this Consolidated Action, and to review and submit, as necessary, all billing and invoices of counsel for plaintiffs;

j.   To initiate and conduct settlement negotiations with counsel for defendants; and

k.   To perform such other duties as may be expressly authorized by further order of the Court.

14.    No motion, request for discovery, or other pre-trial proceeding shall be initiated or filed by any plaintiff except through Co-Lead Counsel.

15.    Defendants' counsel may rely upon all agreements made with Co-Lead Counsel, and such agreements shall be binding on all plaintiffs in the Consolidated Action.

16.    Co-Lead Counsel are hereby designated as the counsel for plaintiffs upon whom all notices, orders, pleadings, motions, discovery, and memoranda may be served and defendants shall effect service of papers on plaintiffs by serving Co-Lead Counsel.

17.    If Defendants file a single pleading or other paper directed to all plaintiffs in this Consolidated Action, the response on behalf of plaintiffs shall be made in a single pleading or other paper to be served by Co-Lead Counsel. All plaintiffs in this Consolidated Action shall be bound by that pleading or paper.

18.    The Parties agree that if the plaintiff in any related derivative lawsuit filed in this Court refuses to agree to a stay under similar terms, Plaintiffs may request that the Court lift the stay upon ten (10) days' notice in writing to Defendants.

19.    The Parties agree that during the pendency of this stay, Defendants shall include Plaintiffs in any mediation with the plaintiffs in the Securities Litigation and shall include Plaintiffs in any mediation with any purported plaintiff in any related or similar derivative lawsuit or any other related or similar books and records demand proceeding.

20.     This Derivative Litigation shall be stayed, and no Case Management Order issued, upon the Court's so-ordering this Stipulation as an Order of the Court.

21.     During the pendency of the stay, Co-Lead Plaintiffs may file a consolidated complaint, but Defendants shall not be obligated to respond to the complaints filed in the Consolidated Action until a scheduling stipulation has been entered by the Court after the stay has been lifted. Defendants reserve all of their defenses to the claims asserted by Co-Lead Plaintiffs, and the stay shall not be deemed a waiver of any of Defendants' defenses.

22.     In the event that Defendants agree to produce, or any of them are ordered to produce by a court of competent jurisdiction, any documents pursuant to a shareholder books and records request by any holder or beneficial owner of Antares stock, or in the Securities Litigation or in any shareholder derivative litigation, the Parties will revisit whether copies of such documents shall be provided to Co-Lead Counsel for Plaintiffs, subject to the execution by Plaintiffs of an appropriate confidentiality agreement governing the use and disclosure of these materials;

23.     Upon occurrence of any of: (1) the dismissal of the Securities Litigation, with prejudice, by the Federal Court, and exhaustion of all appeals related thereto; or (2) the denial of any motion to dismiss the Securities Litigation filed by the Federal Securities Litigation Defendants; or (3) either of the Parties to this Stipulation requests that the Court lift the stay upon giving a ten (10) day notice that they no longer consent to the voluntary stay of the Derivative Litigation, then the Parties shall notify the Court within fifteen (15) days after the occurrence of any of the events above.

24.     After the stay has been lifted, the parties shall meet and confer and submit a proposed scheduling order within ten (10) business days, which shall include, among other things, a schedule for the filing of an answer or motions by Defendants.

GAINEY McKENNA & EGLESTON

- 7 -

By: */s/ Barry J. Gainey*
Barry J. Gainey (BG7560)
95 Route 17 South, Suite 310
Paramus, NJ 07652
Telephone: (201) 225-9001
Facsimile: (201) 225-9002
bgainey@gme-law.com
-and-
GAINEY McKENNA & EGLESTON
Thomas J. McKenna
440 Park Avenue South
New York, NY 10016
Telephone: (212) 983-1300
Facsimile: (212) 983-0380
tjmckenna@gme-law.com

*Attorneys for Plaintiff Robert Clark*

KANTROWITZ, GOLDHAMER & GRAIFMAN, PC

By: */s/*
Gary S. Graifman
210 Summit Avenue
Montvale, NJ 07645
Telephone: (201) 391-7000
Facsimile: (201) 307-1086
ggraifman@kgglaw.com
-and-
William B. Federman
FEDERMAN & SHERWOOD
10205 North Pennsylvania Avenue
Oklahoma City, OK 73120
Telephone: (405) 235-1560
Facsimile: (405) 239-2112
wbf@federmanlaw.com

*Attorneys for Plaintiff Allan Menzer*

DECHERT LLP

By: */s/*
David A. Kotler
100 Overlook Center, Suite 2006
Princeton, NJ 08540

Telephone: (609) 955-3226
Facsimile: (609) 955-3259
david.kotler@dechert.com
-and-
DECHERT LLP
David H. Kistenbroker
Joni S. Jacobsen
35 West Wacker Drive Suite 3400
Chicago, IL 60601
Telephone: (312) 646-5811
Facsimile: (312) 646-5858
david.kistenbroker@dechert.com
joni.jacobsen@dechert.com

*Attorneys for Defendants*

SO ORDERED, this 3rd day of _April_, 2018

_____
UNITED STATES DISTRICT JUDGE
HON. MICHAEL A. SHIPP